UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE BLEERS,

    Plaintiff,

v.                                      Case No.: 2:19-cv-806-FtM-38NPM

WALMART STORES EAST, LP,

    Defendant.
_____/

**<u>ORDER</u>**[1]

Before the Court is Plaintiff Lawrence Bleers Motion to Remand to State Court (Doc. 6) and Defendant Walmart Stores East, LP's Response in Opposition (Doc. 12). This is a slip-and-fall negligence case. (Doc. 3). Bleers filed this case in state court, and Walmart removed here. (Doc. 1). Now, Bleers wants to go back. But he is out of luck.

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Courts construe removal statutes strictly and resolve all jurisdictional doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Walmart removed based on diversity jurisdiction. (Doc. 1).

Diversity jurisdiction exists when the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). When a complaint does not specify damages—as here—the removing party must prove amount in controversy by preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

F.3d 1184, 1208 (11th Cir. 2007). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Among the evidence courts can consider are "affidavits, declarations, and other documentation." *Id.* But federal law also "allows consideration of discovery responses." *Harrison v. Red Bull Distribution Co.*, No. 2:19-cv-17-FtM-99MRM, 2019 WL 1123691, at *2 (M.D. Fla. Mar. 12, 2019); *see also Rowe v. U.S. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014).

Here, Bleers contests the amount in controversy. But it exceeds the jurisdictional limit by a preponderance of the evidence for two reasons. First, Bleers admitted in state court the amount in controversy exceeds $75,000, exclusive of interests, costs, and attorney's fees. (Docs. 1-2 at 32; 1-6 at 1). And second, Bleers answered interrogatories showing over $150,000 in medical bills from this accident. (Doc. 1-5 at 4-5). Thus, Walmart carried its burden to show the amount in controversy exceeds $75,000. To the extent that Bleers argues Walmart cannot use admissions made in state court to prove jurisdiction here, Bleers is wrong. The Court just rejected this exact argument. *Maltese v. Burlington Coat Factory Direct Corp.*, No. 2:19-cv-616-FtM-38MRM, 2019 WL 4538905, at *2 (M.D. Fla. Sept. 19, 2019). Many others have as well. *E.g.*, *Red Bull*, 2019 WL 1123691, at *2; *Plotkin v. Target Corp.*, No. 15-cv-62427-GAYLES/Turnoff, 2016 WL 1752815, at *1 (S.D. Fla. May 3, 2016).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Remand to State Court (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of November, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record